UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW GROSS, III,

        Plaintiff,

v.                                CASE NO. 08-13384
                                  DISTRICT JUDGE ARTHUR J. TARNOW
                                  MAGISTRATE JUDGE DONALD A. SCHEER
EQUIFAX INFORMATION
SERVICES, et.al.,

        Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Plaintiff's Motion for a Rule 26(f) settlement conference should be denied.

\* \* \*

Plaintiff, while incarcerated at the Federal Correctional Institute in Terre Haute, Indiana, filed a *pro se* Complaint, on August 5, 2008, seeking monetary damages for alleged violations of the Federal Debt Collection Practices Act and the Fair Credit Reporting Act. The Complaint named four defendants: Ronald Gold, the Law Offices of Ronald Gold, Equifax Information Services and the Allstate Bureau Collection Agency.

The suit arises out of attorney Ronald Gold's prior representation of Plaintiff in a federal criminal matter in April 2002. After a jury convicted Plaintiff identity theft and mail and credit card fraud, Plaintiff was sentenced to 15 years in prison. When Plaintiff failed to pay his bill for attorney fees, defendant Gold turned the matter over to Allstate Credit Bureau for collection. Allstate apparently obtained Plaintiff's credit report from defendant Equifax Information Services.

Plaintiff filed the instant motion on October 10, 2008, requesting a settlement conference, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. If a settlement cannot be reached, Plaintiff seeks further discovery. By Order of Reference on October 14, 2008, the motion was referred to the magistrate judge for Report and Recommendation.

Fed.R.Civ.P. 26(a)(1)(B)(iv) exempts from initial disclosure requirements "an action brought without an attorney by a person in the custody of the United States . . .." Cases exempted from initial disclosure pursuant to Rule 26(a)(1)(B) are also exempted from the conference requirement of Fed.R.Civ.P. 26(f). Fed.R.Civ.P. 26(f)(1). See also Wright, Miller and Marcus, <u>Federal Practice and Procedure</u>, Civil 2nd Section 2051. It is clear that no discovery planning conference is required in this case. In view of Plaintiff's custodial status in Indiana, his prior relationship with Defendant Gold, and the fact no return of service on any other Defendant appears of record, a conference should not be ordered.

It should further be noted that Defendants Ronald Gold and the Law Offices of Ronald Gold filed a Motion to Dismiss on August 19, 2008. On August 25, 2008, Plaintiff filed a Motion Requesting to Amend Additional Defendants, together with a Response to Order to Show Cause (which the Clerk has docketed as a Proposed Amended Complaint). Defendants Gold and Law Offices of Ronald Gold filed a Response to Plaintiff's Amendment Request on August 27, 2008. All of these matters remain pending.[1] The court's disposition of them may substantially impact the future conduct of this case, and they should be addressed prior to the scheduling of discovery. In no event, however, would

---

[1] Plaintiff has also filed a Motion for Summary Judgment (Docket #10), to which the Gold Defendants filed a Response (Docket #12).

Plaintiff be entitled to a Rule 26(f) planning conference during the pendency of his incarceration.

For all of the above reasons, I recommend that Plaintiff's Motion for a Rule 26(f) settlement conference be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>DONALD A. SCHEER<br>UNITED STATES MAGISTRATE JUDGE

DATED: October 29, 2008

## CERTIFICATE OF SERVICE

      I hereby certify on October 29, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 29, 2008: **Andrew Gross.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217