**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANDREW GROSS, III,

   Plaintiff,

v.                                                                      Case No.  08-13384

EQUIFAX INFORMATION SERVICES, RONALD  District Judge Arthur J. Tarnow
GOLD,  LAW OFFICES OF RONALD GOLD,
ALLSTATE CREDIT BUREAU COLLECTION   Magistrate Judge Donald A. Scheer
AGENCY, TRANSUNION CREDIT BUREAU,
and EXPERIAN CREDIT BUREAU,

   Defendants.

_____/


**ORDER GRANTING GOLD DEFENDANTS' MOTION TO DISMISS [3];**
**GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT [6];**
**DIRECTING SERVICE AS TO TRANSUNION AND EXPERIAN;**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [10];**
**REJECTING PLAINTIFF'S OBJECTION [27] AND ADOPTING REPORT AND RECOMMENDATION**
**[18];**
**AND DENYING PLAINTIFF'S RULE 26 MOTION [15];**
**AND *SUA SPONTE* ORDER TO SHOW CAUSE WHY ALLSTATE DEFENDANT SHOULD NOT BE**
**DISMISSED**

Before the court are: attorney Gold's and his offices' motion to dismiss; plaintiff's

motion to amend complaint; plaintiff's motion for summary judgment; plaintiff's motion for a

Fed. R. Civ. P. 26 conference; and the objections to M.J. Scheer's report and recommendation on

the Rule 26 motion.  Pursuant to Local Rule 7.1(e)(2), the court will decide these motions on the

briefs.


I.  Gold defendants' motion to dismiss

No evidence suggests that attorney Gold pretended to be or to employ a debt-collection

agent when in fact he was attempting to recoup the alleged debt alone.  Accordingly, plaintiff's

claims under the Fair Debt Collection Practices Act against the Gold defendants fail.

So too does plaintiff's Fair Credit Reporting Act claim fail as to the Gold defendants.  As Gold argues, even if he did request a report without Gross's consent, it was for the statutorily permissible purpose of collecting a debt.

FCRA's requirement that credit-reporting agencies have reasonable procedures to assure the accuracy of a consumer credit report does not impose obligations on creditor or debt collectors.  This theory of liability also fails as to the Gold defendants.

II.  Plaintiff's motion to amend the complaint

Several of the proposed new defendants allegedly furnished adverse information to the credit-reporting agencies.  However, as explained above, plaintiff has not shown that FCRA imposes liability on furnishers of information.  Therefore, Gross fails to state a claim under Fed. R. Civ. P. 12(b)(6) as to Merrick Bank, First Premier Bank, Net 1st National Bank, Sterling Bank & Trust, and First National Bank of Martin.  The proposed amendment as to these defendants is therefore futile, and the court will not allow these defendants to be added.  *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005).

Nevertheless, plaintiff appears to have stated a claim against TransUnion and Experian for failing to use reasonable procedures to ensure the accuracy of Gross's credit report.  These two defendants shall be added to the complaint.

III.  Plaintiff's motion for summary judgment

Gross offers no evidence to demonstrate the absence of a genuine issue of material fact, as required by Fed. R. Civ. P. 56.  Therefore the motion is denied.

IV.  Plaintiff's motion for a Rule 26 conference and objections to report and recommendation

As M.J. Scheer notes, Fed. R. Civ. P. 26(a)(1)(B)(iv) exempts from Rule 26 actions brought "without an attorney by a person in the custody of the United States . . . ."  The court therefore rejects plaintiff's objections, adopts the report and recommendation, and denies plaintiff's motion for a Rule 26 conference.

V.  Plaintiff's motion for transfer to Milan or Wayne County Jail

Gross offers no authority by which this court can transfer him.  Besides, his case is not yet close to trial.  His motion for transfer is denied without prejudice.


In summary, the Gold defendants' motion is GRANTED and the complaint is DISMISSED as to the Gold defendants.

Plaintiff's motion for summary judgment is DENIED.  The report and recommendation is ADOPTED, and the motion for a Rule 26 conference is DENIED.  The motion for transfer is DENIED WITHOUT PREJUDICE.

Plaintiff's motion to amend is DENIED IN PART as to the bank defendants, but GRANTED IN PART as to TransUnion and Experian.


IT IS FURTHER ORDERED that the clerk issue summons and the United States Marshal serve a copy of the amended complaint [DE 7], summons and this order upon TransUnion and Experian.


Finally, **Andrew Gross**, you are ORDERED to show cause by **March 3, 2009** why this court should not dismiss your complaint as to defendant Allstate Collection Agency for the same reasons this court has dismissed the complaint as to the Gold defendants.

SO ORDERED.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  February 13, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 13, 2009, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager